AINA UOSIKKINEN, Respondent, v. JAMES N. SLEE, Appellant, Impleaded with Another, Defendant.— Judgment and order denying motion for new trial unanimously affirmed, with costs, on authority of *Uosikkinen* v. *Slee* (214 App. Div. 291), decided herewith. Present — Kelly, P. J., Rich, Manning, Young and Kapper, JJ.

KOPPEL COHEN, Respondent, v. GEORGE PETERSON, Appellant.— Application denied, with ten dollars costs.

SOPHIE GEIBIG, Respondent, v. CUSHMAN'S SONS, INC., Appellant.— Application denied, with ten dollars costs.

OELAF S. MADISON, Respondent, v. CUSHMAN'S SONS, INC., Appellant.— Application denied, with ten dollars costs.

DAVID MINK, Appellant, v. GOLDINGER REALTY COMPANY, INC., Respondent.— Application denied, with ten dollars costs.

---

## FIRST DEPARTMENT, NOVEMBER, 1925.

HANS BRASSLER, Appellant, *v.* MARYLAND CASUALTY COMPANY, Respondent.

*Guaranty and suretyship — action on undertaking to indemnify plaintiff against loss on loan to corporation — defense that part of agreement unknown to defendant was that corporation agreed to repay prior loan — conflict in evidence whether that agreement was made prior to loan — error to direct verdict for respondent.*

Appeal from a judgment of the Supreme Court in favor of the defendant, entered in the New York county clerk's office January 19, 1924, upon the verdict of a jury rendered by direction of the court after a trial at the New York Trial Term.

PER CURIAM: The action was upon defendant's undertaking to indemnify plaintiff against any loss which he might sustain by virtue of a loan to the Arlin Construction Company, Inc., of $20,000, which said company agreed to repay to plaintiff in installments in accordance with eighteen promissory notes. The defense to said action was that there was concealed from the defendant an agreement between plaintiff and said company by which the latter was to repay to plaintiff out of this loan the sum of $10,000 on a prior indebtedness. There was a conflict in the evidence as to whether or not the agreement to turn over half the loan to the lender was a part of the original transaction in respect to the loan, which should have been disclosed to the surety, or was a subsequently effected arrangement to purchase from the lender a chattel mortgage and a third mortgage on realty. The judgment should, therefore, be reversed and a new trial ordered, with costs to the appellant to abide the event. Present — Clarke, P. J., Dowling, Finch, McAvoy and Martin, JJ.; Martin, J., dissents. Judgment reversed and new trial ordered, with costs, to appellant to abide the event.

---

MITCHELL H. FEINBERG and Others v. JOSEPH SPANIER and Others.— Motion to dismiss appeal granted, with ten dollars costs, unless appellant procure record on appeal to be filed on or before December 1, 1925. Present — Clarke, P. J., Dowling, Finch, McAvoy and Martin, JJ.